FILED

APR 2 1 2006

CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA          )
                                  )
            v.                    ) Cr. No. 89-0037 (TFH)
                                  )
REYNALDO ATKINS,                  )
                                  )
            Petitioner.           )

## MEMORANDUM OPINION

Pending before the Court is Petitioner's motion to vacate, set aside, or correct his sentence pursuant to Federal Rule of Civil Procedure 60(b), which is opposed by the government. Upon careful consideration of Petitioner's motion, the government's opposition, and the entire record herein, the Court has determined that Petitioner's motion is properly understood as a second or successive motion brought pursuant to 28 U.S.C. § 2255. The Court therefore will dismiss Petitioner's motion and transfer it to the United States Court of Appeals for the District of Columbia Circuit (hereinafter the "D.C. Circuit") for a determination whether to authorize the filing of this successive motion.

## I. BACKGROUND

Reynaldo Atkins ("Petitioner") was convicted by a jury of one count of possession with intent to distribute cocaine on June 8, 1990, and was sentenced to a term of imprisonment of 235 months. Government's Motion at 1-2. On appeal, the D.C. Circuit affirmed Petitioner's conviction and sentence. United States v. Atkins, No. 90-3283, 1993 WL 157360 (D.C. Cir. May 3, 1993), cert. denied, 510 U.S. 1003 (1993). On April 10, 1995, Petitioner filed a Motion to Vacate his sentence pursuant to 28 U.S.C. § 2255. Gov't Mot. 2. This motion was denied on July 17, 1995. Id. On February 14, 2005, Petitioner filed the present motion, arguing that his



sentence should be vacated in light of the Supreme Court's decisions in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), and <u>Blakely v. Washington</u>, 542 U.S. 296 (2004).

## II. DISCUSSION

Petitioner styles his motion as one brought under Federal Rule of Civil Procedure 60(b).[1] Generally, a motion brought pursuant to Rule 60(b) challenges the integrity of the collateral review process of the sentence, rather than the sentence itself. <u>See</u> <u>United States v. Winestock</u>, 340 F.3d 200, 207 (4th Cir. 2003), <u>Rodwell v. Pepe</u>, 324 F.3d 70 (1st Cir. 2003) (The "classic function" of a Rule 60(b) motion is to challenge "some irregularity or procedural defect in the procurement of the judgment."). "[A]n example of a proper Rule 60(b) claim is an allegation that government agents perpetrated a fraud on the court during the collateral review proceedings." <u>Winestock</u>, 340 F.3d at 207. By contrast, a motion brought pursuant to 28 U.S.C. § 2255 attacks the constitutionality or legality of the prisoner's conviction or sentence, or offers new legal arguments or additional evidence.[2] <u>Id.</u> Petitioner's motion is of the latter stripe.

---

[1] Rule 60(b) provides that the Court may relieve a party from a final judgment or order for "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence...; (3) fraud... misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment." Petitioner relies primarily on Rule 60(b)(4) to support his case.

[2] 28 U.S.C. § 2255 provides in pertinent part:

> A prisoner in custody under sentence of a court established
> by Act of Congress claiming the right to be released upon
> the ground that the sentence was imposed in violation of
> the Constitution or laws of the United States, or that the

Regardless of how a prisoner titles his motion, a court must review that motion on the basis of its substance; "the proper treatment of the motion depends on the nature of the claims presented." Id. at 206-07. In support of his motion, Petitioner does not claim that there was any mistake or fraud in the collateral review of his sentence or that the judgment is void, nor does he make any other claim that would trigger review under Rule 60(b). He advances only the Apprendi/Blakely argument that he was denied his Sixth Amendment right to trial by jury because the judge, in imposing the sentence, relied on "facts neither charged in the indictment as elements of the offense nor proved to a jury beyond a reasonable doubt." Petr.'s Mot. 3. Petitioner's motion therefore falls squarely within the ambit of § 2255,[3] as he claims that his sentence "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255 at ¶ 1.

As noted, Petitioner already filed a § 2255 motion with this Court on April 10, 1995. His present § 2255 motion therefore qualifies as a "second or successive" motion under the statute, and this Court is not authorized to entertain it unless Petitioner obtains certification from the D.C. Circuit. 28 U.S.C. § 2255 ("A second or successive motion must be certified . . . by a panel

---

> court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

[3]     As noted by the government in its Motion to Transfer at 1 n.1, although the Supreme Court's decision in Castro v. United States, 540 U.S. 375, 383 (2003), requires a court to give a *pro se* litigant advance notice that his initial post-conviction motion is being recharacterized as a § 2255 motion, this Court is not required to do the same for a second or successive motion. United States v. Lloyd, 398 F.3d 978, 980 (7th Cir. 2005).

of the appropriate court of appeals . . . ."); see also McLean v. United States, No. 90-0318-01, slip op. at 3 (D.D.C. Mar. 3, 2006), available at 2006 WL 543999 (holding that the district court lacked jurisdiction to consider a successive § 2255 motion that was not first certified by the United States Court of Appeals for the District of Colombia). Accordingly, the Court will transfer Petitioner's successive motion to the D.C. Circuit for a determination whether to authorize its filing.

### III. CONCLUSION

For the foregoing reasons, the Court will deny relief under Federal Rule of Civil Procedure 60(b), dismiss the motion, and transfer it to the United States Court of Appeals for the District of Columbia Circuit for a determination whether to authorize its filing pursuant to 28 U.S.C. § 2255. An appropriate order will accompany this Memorandum Opinion.

April __17th__, 2006

_____
Thomas F. Hogan
Chief Judge